

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00018-CR

---

SARIAH GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1655158

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Sariah Garcia appeals[1] four judgments adjudicating guilt, but her combined brief asserts error in only two of them.[2]  The State concedes the errors in the trial court's judgments in trial court cause numbers 1655158 and 1736179.  We therefore modify the trial court's judgment here in trial court cause number 1655158 and affirm as modified.

All four of the trial court's judgments result from a combined "true but" hearing where Garcia pled true to violating terms of her deferred adjudication community supervision in each case but testified in the hope of avoiding incarceration.  After hearing Garcia's testimony, as well as testimony from witnesses called by the State, the trial court adjudicated guilt and pronounced sentence in each of Garcia's cases.  In all four of her cases, the trial court's judgments reflect that the sentences are to run concurrently.

Garcia asserts that there is error in two of the trial court's judgments because the trial court orally-pronounced sentences of six months in state jail for each of the two state-jail felonies, but the written judgments impose sentences of two years' confinement.  The State agrees and asks that the judgments at issue be modified by this Court to reflect the correct sentences as orally pronounced by the trial court.

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

[2]In this memorandum opinion, we address Garcia's challenge to the trial court's written-imposed sentence in trial court cause number 1655158.  In her companion appellate cause numbers 06-26-00019-CR and 06-26-00020-CR, Garcia does not assert any challenge.  In her companion appellate cause number 06-26-00021-CR, Garcia challenges the trial court's written-imposed sentence in trial court cause number 1736179.

"As a general rule, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018). "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

This appeal concerns Garcia's conviction regarding a state-jail felony offense of burglary of a building. *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (Supp.). Garcia's appeal in her companion appellate cause number 06-26-00021-CR concerns Garcia's conviction regarding a state-jail felony offense of credit card or debit card abuse. *See* TEX. PENAL CODE ANN. § 32.31(b), (d). During sentencing the trial court stated, "On [each of] the [two] state jail cases, the sentence[s] will be six months state jail." In this case, we modify the trial court's judgment by removing the "2 YEARS" confinement in state jail to correctly reflect a sentence of "SIX MONTHS" confinement in state jail.

Accordingly, in this case, we affirm the trial court's judgment, as modified.


Jeff Rambin
Justice

Date Submitted:     August 11, 2026
Date Decided:       August 12, 2026

Do Not Publish